IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GUANTANAMERA CIGARS COMPANY
    A Florida Corporation,

    Plaintiff,

v.                                                                                     Case No.:

SMCI HOLDING, INC.
    A Delaware Corporation,
SWEDISH MATCH NORTH AMERICA, LLC,
    A Delaware Corporation,
SWEDISH MATCH USA, INC.
    A Delaware Corporation,
SAM'S WEST, INC. d/b/a SAM'S CLUB,
    An Arkansas Corporation,
COSTCO WHOLESALE CORPORATION
    A Washington Corporation
DOES 1-10.

    Defendant.
_____/

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff GUANTANAMERA CIGARS COMPANY, ("Plaintiff" or "GCC"), by and through its undersigned counsel, hereby files this Complaint against Defendant SMCI HOLDING, INC. ("SMCI"), Defendant SWEDISH MATCH NORTH AMERICA, LLC ("SMNA"), Defendant SWEDISH MATCH USA, INC. ("SMUSA") (SMCI, SMNA, and SMUSA are collectively referred to as "Swedish Match"), SAM'S WEST, INC. d/b/a SAM'S CLUB ("Sam's Club"), COSTCO WHOLESALE CORPORATION ("Costco"), and DOES 1-10 for the infringement of Plaintiff's registered trademark, and in support thereof says as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for violation of its rights under the Lanham Act, 15 U.S.C. Sections 1114 & 1125(a), and the Common Law.

## THE PARTIES

2. Plaintiff is a Florida corporation operating a wholesale and retail establishment at 1465 S.W. 8th Street, Miami, Florida 33135.

3. SMCI is, upon information and belief, a corporation organized under the laws of Delaware having an address of 700 Columbia Highway, Dothan Alabama 36301. Upon information and belief, either directly or in partnership with related entities including those listed in this Complaint, SMCI conducts business throughout the United States including in the State of Florida and in this Judicial District.

4. SMNA is, upon information and belief, a corporation organized under the laws of Delaware having an address of Two James Center, 1021 E. Cary Street, Suite 1600, Richmond, Virginia 23219. SMNA is registered with the State of Florida and maintains a Registered Agent in the State of Florida with an address of 1200 South Pine Island Road, Plantation, Florida 33324 – an address that is within this Judicial District. Upon information and belief, SMNA conducts business, either directly or in partnership with related entities, throughout the United States including in the State of Florida and in this Judicial District.

5. SMUSA is, upon information and belief, a corporation organized under the laws of Delaware having an address of Two James Center, 1021 E. Cary Street, Suite 1600, Richmond, Virginia 23219. Upon information and belief, either directly or in partnership with related entities including those listed in this Complaint, SMUSA conducts business throughout the United States including in the State of Florida and in this Judicial District.

6. Upon information and belief, the Swedish Match Defendants are part of a family of corporations with common ownership and control who do business throughout the world, including in the State of Florida and in this Judicial District.

7. Sam's Club is, upon information and belief, an Arkansas corporation registered to do business in the State of Florida, that distributes the infringing products at issue in this Complaint within the State of Florida and this Judicial District.

8. Costco is, upon information and belief, a Washington corporation which does business throughout the United States, including within the State of Florida and this Judicial District.

9. Defendants DOES 1-10 are upon information and belief third party distributors, wholesalers, jobbers, and/or retailers working with Swedish Match or who form part of the chain of distribution of the infringing goods described in this Complaint.

## JURISDICTION AND VENUE

10. This is an action arising under the Trademark Act, 15 U.S.C. Sections 1114, 1115 & 1125(a), and the Common Law.

11. This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. Section 1121, and 28 U.S.C. Sections 1331, 1338(a) and 1338(b).

12. Venue is proper in this District under 28 U.S.C. Section 1391(b)(2) and (c)(2) because the events giving rise to the claims occurred in this District, namely, Defendants infringed upon Plaintiff's trademarks in this District.

## BACKGROUND FACTS

13. Plaintiff has been involved in the United States cigar industry since 1997.

14. In 2008, Plaintiff began producing, marketing, and selling cigars bearing the "DUO" trademark in United States commerce.

15. Plaintiff has continuously and exclusively used the "DUO" trademark in connection with the sale of cigars since at least July 16, 2008.

16. Plaintiff is the owner of Incontestable United States Trademark Registration No. 3,664,534 for "DUO" for use in connection with cigars. See Exhibit A.

17. Plaintiff's trademark registration for "DUO" is live, subsisting, and enforceable by Plaintiff.

18. Upon information and belief, sometime in 2020, Defendants began using the trademark "DUOS" in connection with the sale of flavored cigars. See Exhibit A (from PR NewsWire).

19. Examples of the Defendants' infringing product packaging are reproduced below.



20. Defendants' "DUOS" trademark is confusingly similar to Plaintiff's registered "DUO" trademark.

21. Defendants' "DUOS" trademark is used, or has been used, in connection with cigars – the same goods on which Plaintiff uses its registered "DUO" trademark.

22. Defendants' "DUOS" trademark is similar in visual appearance, pronunciation, and meaning to Plaintiff's registered "DUO" trademark.

23. Cigars bearing Defendants' "DUOS" trademark are sold through the same or similar channels of trade as cigars bearing Plaintiff's registered "DUO" trademark – namely,

through brick-and-mortar cigar stores and through online cigar retailers selling cigars to U.S. cigar consumers.

24. Cigars bearing Defendants' "DUOS" trademark are sold to the same general class of consumers as cigars bearing Plaintiff's registered "DUO" trademark – namely, to adults over the age of 21 who consume cigars and tobacco products.

25. Cigars bearing Defendants' "DUOS" trademark are advertised through the same or similar methods as cigars bearing Plaintiff's registered "DUO" trademark – namely, through online advertising activity.

26. The use of Defendants' "DUOS" trademark in connection with cigars is likely to create consumer confusion. Specifically, consumers may be confused as to the source, sponsorship or affiliation of cigars bearing Plaintiff's registered "DUO" trademark and Defendants' infringing "DUOS" trademark.

27. Evidence of the strong likelihood of confusion caused by Defendants' infringing use of "DUOS" can be found simply by conducting a Google search for "DUO cigars." See Exhibit B. Specifically, upon conducting a search for "DUO cigars," the first page of results returns Swedish Match's website featuring the infringing "DUOS" cigars. Id.

28. Upon information and belief, SMCI is directly responsible for the "White Owl" line of cigars, of which Defendants' infringing "DUOS" line is a sub-brand.

29. Upon information and belief, SMNA and SMUSA are corporate parents and/or related companies of SMCI that participate in and/or control the manufacture and/or distribution of Defendants' infringing "DUOS" products.

30. Upon information and belief, the Swedish Match Defendants are in an actual or apparent partnership in connection with use of the infringing "DUOS" trademark in connection with cigars.

31. Upon information and belief, Defendants' infringing "DUOS" goods are or have been available for sale in the Southern District of Florida. Specifically, Defendants' infringing "DUOS" cigars are available for sale through interactive websites that ship products directly into this State and this Judicial District and which are maintained by Sam's Club and Costco. Moreover, and upon information and belief, Defendants' infringing "DUOS" goods are or have been available for sale in the Southern District of Florida through a variety of local convenience stores and smoke shops.

32. Upon information and belief, Sam's Club is a retail vendor or distributor of the infringing "DUOS" cigars and has sold such infringing goods in the State of Florida and other states.

33. Sam's Club advertises the infringing "DUOS" cigars on its website located at https://www.samsclub.com/s/white%20owl and https://www.samsclub.com/p/white-owl-coconut-rum-cigar-30pk/prod25291081?xid=plp_product_4. Screen shots of the advertisements are reproduced below.





34. Upon information and belief, Sam's Club's website is fully interactive and permits consumers to purchase the infringing product directly through the website, including sales directly to consumers in the State of Florida and in this Judicial District.

35.     Upon information and belief, Costco is a retail vendor or distributor of the infringing "DUOS" cigars and has sold such infringing goods in the State of Florida and other states.

36.     Defendant Costco advertises the infringing product on its website at https://www.costcobusinessdelivery.com/white-owl-duos-pre-priced-cigarillos%2c-coconut-and-rum%2c-2-cigars%2c-30-ct.product.100404537.html. A screenshot of the advertisement is reproduced below.



37.     Upon information and belief, Costco's website is fully interactive and permits consumers to purchase the infringing product directly through the website, including sales directly to consumers in the State of Florida and in this Judicial District.

38.     Moreover, and upon information and belief, the infringing "DUOS" product is illegal in so much as Plaintiff has a good faith belief that the infringing "DUOS" product has not received a marketing order from the United States Food and Drug Administration (FDA), is not

a "premium cigar" as that term has been defined by the United States District Court for the District of Columbia, and is not a "grandfathered" product or a "preexisting product" as those terms are defined or otherwise used by the FDA in connection with the May 10, 2016 Deeming Rule applying cigars such as the infringing "DUOS" product to regulation under the Federal Food, Drug, and Cosmetic Act ("FD&C Act").

39. Defendants' use of a trademark that is confusingly similar to Plaintiff's registered "DUO" trademark damages Plaintiff as it falsely associates Plaintiff with illegal conduct.

40. Plaintiff is being irreparably harmed by Defendants' infringing activities.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

41. Plaintiff realleges paragraphs 1-41 as if specifically recited herein.

42. Plaintiff owns valid United States Incontestable Trademark Registration No. 3,664,534 for "DUO" for use in connection with cigars.

43. Plaintiff has prior rights to the "DUO" mark in connection with cigars/tobacco products and related goods.

44. Defendants adopted and are using a mark that is the same or confusingly similar to Plaintiff's "DUO" mark such that consumers would likely confuse the two marks and the source or sponsorship of the goods sold thereunder.

45. The harm to Plaintiff is irreparable.

## COUNT II
## FEDERAL UNFAIR COMPETITION

46. Plaintiff realleges paragraphs 1-41 as if specifically recited herein.

47. Plaintiff owns the "DUO" mark and has made continuous and exclusive use of the "DUO" mark in United States commerce since 2008.

48. Plaintiff has prior rights to the "DUO" mark in connection with cigars/tobacco products and related goods.

49. Defendants adopted and are using a mark that is the same or confusingly similar to Plaintiff's "DUO" mark such that consumers would likely confuse the two marks and the source or sponsorship of the goods sold thereunder.

50. The harm to Plaintiff is irreparable.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

51. Plaintiff realleges paragraphs 1-41 as if specifically recited herein.

52. Plaintiff owns the "DUO" mark and has made continuous and exclusive use of the "DUO" mark in Florida and United States commerce since 2008.

53. Plaintiff has prior rights to the "DUO" mark in connection with cigars/tobacco products and related goods.

54. Defendants adopted and are using a mark that is the same or confusingly similar to Plaintiff's "DUO" mark such that consumers would likely confuse the two marks and the source or sponsorship of the goods sold thereunder.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in their favor and against the Defendants SMCI HOLDING, INC., SWEDISH MATCH NORTH AMERICA, LLC, SWEDISH MATCH USA, INC., SAM'S WEST, INC. d/b/a SAM'S CLUB, and COSTCO WHOLESALE CORPORATION for Federal Trademark Infringement, Federal Unfair Competition, and under the Common Law and award damages, plus prejudgment interest, post judgment interest, and any other relief the Court deems just and proper, including, but not limited to:

a) Compensatory damages or statutory damages;

  b)  A temporary and permanent injunction;

  c)  All costs and reasonable attorneys' fees;

  d)  Other remedies that the Court may award.

Dated: May 4, 2021

            Respectfully submitted,

          By: <u>s/ Gustavo Sardiña</u>
            Frank Herrera
            FL Bar No. 494801
            fherrera@hnewmedia.com
            Gustavo Sardiña
            FL Bar No. 31162
            g.sardina@hnewmedia.com
            H NEW MEDIA LAW
            2001 Broadway, Suite 560
            Riviera Beach, Florida 33404
            Tel.: (561) 841-6380
            *Counsel for Plaintiff*