UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-cv-21714-GOODMAN
[CONSENT]

GUANTANAMERA CIGARS COMPANY,
a Florida corporation,

    Plaintiff,

v.

SMCI HOLDING, INC., et al.,

    Defendants.
_____/

## POST-HEARING ADMINISTRATIVE ORDER

On February 27, 2023, the Undersigned held an in-person final pretrial conference. [ECF No. 271]. At the hearing, the Undersigned **ordered** as follows:

By March 3, 2023, the parties shall file on CM/ECF a notice which lists the docket entries where each of the deposition transcripts can be found for witnesses whose depositions will be submitted as evidence.[1]

If Plaintiff calls during its own case-in-chief defense witnesses Brian Love and/or Nancy McNeary, then Defendants are not required to do their questioning of those

---

[1] Because this is a bench trial, not a jury trial, these designated deposition transcript excerpts will not be read out loud during the trial. Instead, the Court will review them in chambers (or at home).

witnesses during Plaintiff's case-in-chief. Defendants may present those witnesses during their case-in-chief and question them on any topics which Plaintiff raised during its questioning or any additional topics which Defendants would like to address. Alternatively, Defendants can question those witnesses on some topics during Plaintiff's case in chief and then recall those witnesses in the defense case.

Because Plaintiff invoked the witness sequestration rule (i.e., Federal Rule of Evidence 615), those witnesses (and all other fact witnesses) shall be excluded until their testimony is completed. Therefore, Mr. Love and Ms. McNeary would be excluded from the courtroom during the testimony of other witnesses until both sides completed their questioning in the defense case.

Expert witnesses are not subject to Rule 615 and may remain in the courtroom during the testimony of other witnesses.

The parties shall meet-and-confer concerning the "trade kit." If it turns out that Plaintiff requested a physical copy of the "trade kit" in discovery, then Defendants shall provide a "trade kit" to Plaintiff. If Defendants provide to Plaintiff a "trade kit" and Plaintiff intends to introduce the "trade kit" into evidence, then Plaintiff shall file an amended exhibit list by March 6, 2023, including the "trade kit" as an exhibit.

If Plaintiff first requested a "trade kit" *after* the close of discovery, however, then the parties may contact Chambers to schedule a Zoom discovery hearing. The parties should be prepared to address the following questions: (1) When was the request made?

(2) What did the request say? (3) Was there any follow-up? (4) How did the defense respond?

The Undersigned **denies** Plaintiff's *ore tenus* request to reconsider the ruling on Defendants' motion *in limine*, which prohibits Plaintiff from presenting a newly-asserted reverse confusion theory at trial [ECF No. 269].

Following the trial's conclusion, each side shall prepare a proposed findings of fact and conclusions of law. The proposed findings of fact and conclusions of law shall be written from the Undersigned's perspective, such that if I wanted to simply attach my signature to the proposal, then I could do so. The parties will need to obtain the trial transcript and support any of their factual statements with citations to the record. The Undersigned will provide the deadline for these filings following the trial's conclusion.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on February 28, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record